IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF IOWA - CENTRAL DIVISION

| | |
|---|---|
| JARROD EUGENE DIERS,<br><br>    Plaintiff,<br><br>v.<br><br>TED ROBINSON, in his official capacity and individual capacity, DAN FELL, in his official capacity and individual capacity, IOWA DEPARTMENT OF CORRECTIONS, EIGHTH DISTRICT DEPARTMENT OF CORRECTIONS, STATE OF IOWA, LISA HOUK in her individual capacity, NYCOLE HARBISON in her individual capacity,<br><br>    Defendants. | CIVIL NO.: 4:24-cv-00110-SHL-HCA<br><br>**PLAINTIFF'S BRIEF IN RESISANCE TO DEFENDANTS' TED ROBINSON, DAN FELL, EIGHTH DISTRICT DEPARTMENT OF CORRECTIONS, LISA HOUK AND NYCOLE HARBISON'S SECOND MOTION TO COMPEL** |

**COMES NOW,** the Plaintiff, Jarrod Diers, and hereby submits his Brief in Resistance to Defendants Ted Robinson, Dan Fell, Eighth District Department of Corrections, Lisa Houk and Nycole Harbison's Second Motion to Compel.

The Plaintiff opposes Defendant's Second Motion to Compel on the grounds that the remaining discovery sought is improper, overly broad, unduly burdensome and not proportional to the needs of the case.

Defendants filed their first Motion to Compel on March 25, 2025. (Dkt. 49). Plaintiff filed his Resistance to the first Motion to Compel on April 8, 2025. (Dkt. 53). Defendants filed their response to Plaintiffs' Resistance on April 8, 2025. (Dkt. 54).

An Order was entered on April 29, 2025, granting in part and denying in part Defendants' first Moton to Compel. (Dkt. 58). It was ordered that the Defendants were entitled to discover limited medical information relevant to the emotional distress damages being claimed by Plaintiff and ordered that the Plaintiff provided medical records or a patient waiver so that Defendants could

obtain his medical records for the time period from January 1, 2023, to the present.

An executed patient waiver was provided to the Defendants, and they obtained those medical records. Upon review of those records, the Defendants are now asking this Court to allow them to access all medicals records of the Plaintiff from June 27, 2018 to the present.

The Plaintiff's employment with the Defendants in this case was brief, lasting from April 14, 2023, until June 27, 2023. Medical records older than the time period Plaintiff was ordered to provide and essentially five (5) years prior to this incident have no bearing on the damages claimed in this matter and this request invades Plaintiff's privacy without sufficient justification.

There is no evidence or allegation that Plaintiff's condition prior to this period is relevant to the claims or defenses in this case. Moreover, the existence of a diagnosis does not alter the nature of the claims or provide a basis to ignore relevance and proportionality requirements under the discovery rules. The Defendants are entitled to explore relevant causation and damages issues – but not to pry into unrelated medical matters in hopes of finding something useful. This request constitutes a fishing expedition intended to discover potentially prejudicial information rather than relevant evidence.

Plaintiff has not placed his medical condition at issue in this litigation and there is no relevance to the broad categories of medical documents sought. Courts have consistently protected such private records from unnecessary disclosure.

Defendants have failed to meet their burden of demonstrating the relevance and necessity of the documents it now seeks and has not meaningfully conferred with Plaintiff in an attempt to narrow the scope of the disputed discovery.

The fact that Defendants were able to find in public places where Plaintiff's mental/medical issues were pertinent does not by itself to make things relevant in this matter. Indeed, as the Court

noted, Plaintiff worked for Defendant for a short while. Defendants have stated that perhaps his testimony about last treatment for PTSD is not accurate and points to treatment for "head pain" and neurological treatment. However, at this point Defendants are engaging in a fishing expedition to determine if a question asked by them in their deposition is credible. In other words, Defendants are opening their own window. The question as stated by both parties in the prior motion is whether the condition has been placed in controversy. Plaintiff has not placed in it in controversy. Defendants attempt to equate PTSD and neurological and "head pain" a couple times. However, PTSD is a psychological condition defined in DSM5. Head pain is pain that is treated neurologically by a neurologist. The fact that Plaintiff has not treated for his PTSD for many years ways against the relevancy to this matter in the narrow time of employment. This is a fishing expedition meant to distract from the conduct of the Defendants rather than detract or contradict from the damages as a result of the Defendants' conduct that brought about this lawsuit.

    Plaintiff respectfully requests that this Court deny the Defendants' Motion to Compel in its entirety. In the alternative, Plaintiff requests that any compelled production by narrowly tailored, subject to appropriate confidentially protections.

Respectfully submitted,

*/s/ Bruce H. Stoltze Jr.*
Bruce H. Stoltze Jr. (AT0010694)
Stoltze Law Group, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa 50309
Telephone: (515) 989-8529
Facsimile: (515) 989-8530
E-mail: bruce.stoltze.jr@stoltze.law
**ATTORNEY FOR PLAINTIFF**

**Electronically filed and served:**

Andrew T. Tice (AT0007968)

AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone:  515/243-7611
Facsimile:  515/243-2149
E-mail: atice@ahlerslaw.com
**ATTORNEY FOR DEFENDANTS TED ROBINSON,
DAN FELL, EIGHTH DISTRICT DEPT OF CORRECTIONS,
LISA HOUK, NYCOLE HARBISON**

Christopher Deist
Assistant Attorney General
Department of Justice
Special Litigation Division
Hoover State Office Building
Des Moines, Iowa 50319
Telephone: (515) 281-6662
E-mail: christopher.deist@ag.iowa.gov
**ATTORNEY FOR DEFENDANTS
IOWA DEPARTMENT OF CORRECTIONS
AND STATE OF IOWA**


*/s/ Bruce H. Stoltze Jr.*